WALDEN, Judge,
dissenting.
This is an appeal from a final judgment which declared Chapter 76-432, Laws of Florida, a special act providing for nonpartisan elections for the district school board of Martin County, to be constitutional. I would reverse and hold that such special act is unconstitutional because it is viola-tive of Article III, section 11(a)(1) of the 1968 Florida Constitution.
Appellants constitute the Executive Board of the Republican Executive Committee of Martin County, Florida. Appel-lees are the School Board of Martin County and Peggy Robbins, Supervisor of Elections for Martin County. Appellants brought this action in the trial court because they desire to nominate and promote Republican candidates for membership on appellee school board, but are prohibited by special law from such partisan campaigning. Chapter 76-432 provides in relevant part:
Section 1. Upon the expiration of the terms of members of the district school board of Martin County elected at or prior to the general election held in November 1976, the members of the board shall be elected in nonpartisan elections. No political affiliation shall be used by any candidate during his campaign, nor shall any such affiliation be shown on the ballot.
Ch. 76-432, Laws of Fla. Chapter 76-432 was duly approved by a majority of the voters of Martin County in a referendum election. Pursuant to the special law, ap-pellee Peggy Robbins has held only nonpartisan elections for the district school board of Martin County.
The question on appeal is whether the trial court erred in finding Chapter 76-432, Laws of Florida, does not violate Article III, section 11(a)(1) of the Florida Constitution. That section provides:
SECTION 11. Prohibited special laws.—
(a) There shall be no special law or general law of local application pertaining to:
(1) election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies.
Art. Ill, § 11(a)(1), Fla. Const. (1968). By its plain terms, Section 11 prohibits special laws pertaining to the election of constitutional officers, but does not prohibit special laws pertaining to the election of officers of special districts. Art. Ill, § 11(a)(1), Fla. Const. (1968).
The trial court held that the school board is a special district. If this is so then by the terms of its exceptions the mentioned constitutional restriction would not apply here. However, I disagree that a school board is a special district because several Florida Statutes specifically distinguish a school board from a special district. Section 165.031(5), Florida Statutes (1985), which provides a definition of “special district” within the meaning of Chapter 165 on Municipalities, indicates that a district school board is not a special district. Section 165.031(5) provides:
“Special district” means a local unit of special government, except a district *1051 school board, created pursuant to general or special law for the purposes of performing prescribed, specialized functions ... within limited boundaries.
(Emphasis added.) § 165.031(5), Fla. Stat. (1985). Section 200.001(8)(c), Florida Statutes (1985), provides an almost identical definition of “special district” within the meaning of Chapter 200 on Determination of Millage. § 200.001(8)(c), Fla. Stat. (1985). See also section 218.403(5), Florida Statutes (1985), which appears to distinguish between a school district and a special district. Compare section 163.-3164(9)(d), Florida Statutes (1985), which defines a governmental agency as, among other things, “Any school board or other special district, authority or governmental entity.” § 163.3164(9)(d), Fla. Stat. (1985).
The trial court also held that members of the school board are not constitutional officers, thereby rendering Article III, section 11(a)(1) inapplicable. I disagree with this conclusion because under Article IX, section 4 of the 1968 Florida Constitution, members of the district school board are constitutional elective officers. Art. IX, § 4, Fla. Const. (1968). See also 1980 Op. Att’y Gen.Fla. 080-26 (April 1, 1980) which states that members of the district school board are constitutional elective officers and assumes that school districts and school boards are not governmental agencies excluded from the application of Article III, section 11(a)(1), Florida Constitution.
Since members of the school board are officers within the meaning of the Constitution, a special act providing for their nonpartisan election is prohibited by Article III, section 11(a)(1) of the Florida Constitution. See 1979 Op.Att’y Gen. 079-106 (December 14, 1979) stating that a special act providing for the nonpartisan election of county officers is constitutionally prohibited by Article III, section 11(a)(1), Florida Constitution. See also 1972 Op.Att’y Gen. Fla. 072-46 (February 15, 1972), stating that a special act that would provide for the nonpartisan election of members of the district school board of Alachua County is of doubtful validity under Article III, section 11(a)(1). See also School Board of Escambia County, Florida v. State of Florida, No. 76-2178-CA-01 (Cir.Ct. of Escambia County July 9, 1976) declaring, among other things, that the section of Chapter 76-356, Laws of Florida, providing for nonpartisan election of school board members was unconstitutional because the legislature may not, by special act, provide for such nonpartisan election since Article III, section 11(a)(1), Florida Constitution, requires that such action be accomplished by ' general law, affirmed on other grounds, School Board of Escambia County v. State, 353 So.2d 834 (Fla.1977).
In my opinion the trial court erred in determining the school board constitutes a special district and that members of the school board are not constitutional officers, and erred in upholding the constitutionality of Chapter 76-432, Laws of Florida. I would reverse the order of the trial court and declare Chapter 76-432, Laws of Florida (1976) unconstitutional pursuant to Article III, section 11(a)(1), of the 1968 Florida Constitution.